NELSON, J.
The Appellant, John Paul Martinez, was found guilty of two counts of Battery DV He was sentenced to three hundred sixty days incarceration with one hundred eighty days suspended for each count with the sentences to be served consecutively. The total sentence was seven hundred twenty days incarceration with three hundred sixty days suspended.
The first issue on appeal is whether the consecutive sentences imposed during one criminal proceeding violate the requirements of the Tribal Law and Order Act of 2010. For the reasons set forth below we hold that the Trial Court erred in its imposition, in a single criminal proceeding, of consecutive sentences which exceed one year.
The second issue on appeal is whether the sentencing judge was qualified under the Tribal Law and Order Act of 2010 to impose a sentence which exceeded one year in length.

STANDARD OF REVIEW

The material facts of these cases are not disputed for the purpose of this appeal. The issues are entirely those of law. Accordingly, the standard of review is de novo. CCT v. Naff, 2 CCAR 50, 2 CTCR 08, 22 ILR 6032 (1995), Wiley et al. v. CCT, 2 CCAR 60, 2 CTCR 09, 22 ILR 6059 (1995).

FACTS

John Paul Martinez was charged in one criminal proceeding with one count of Robbery and two counts of Battery DV. The Robbery count was dismissed with prejudice and he pleaded guilty to the two counts of Battery DV.
*389 He was sentenced on the two counts of Battery DV to three hundred sixty days incarceration with one hundred eighty days suspended with the sentences to be served consecutively. A sentence includes the suspended time of incarceration. Best v. CCT, 6 CTCR 23, 12 CCAR 01 (2015). Thus, the total number of days Mr. Martinez was sentenced to during this proceeding was seven hundred twenty days which is in excess of one year.
The judge who sentenced Mr. Martinez passed the Colville Tribal Bar Examination and has attended several classes at the National Judicial College in Reno, Nevada. Among these classes are Search, Seizure, and Criminal Procedure. She holds a Tribal Judicial Skills Certificate issued by the National Judicial College.

DISCUSSION

1. Whether imposition of a sentence of seven hundred twenty days violated the provisions of the Tribal Law and Order Act of 2010.
The Tribal Law and Order Act of 2010, U.S.C. 3201 et seq., prohibits tribal courts from imposing sentences in one criminal proceeding to more than one year unless certain requirements are met. One of these requirements is that an evidence code be extant within the tribe’s legal structure. U.S.C. 1302(c).
At the time of sentencing in this matter, the Confederated Tribes of the Colville Reservation had not enacted an evidence code and this court had not adopted one. Therefore, the sentencing of John Paul Martinez, in one criminal proceeding, to more than one year, was in violation of the Tribal Law and Order Act.[1] The matter should be remanded for re-sentencing.
2. Whether the sentencing judge was qualified to impose a sentence in excess of one year.
Having determined that sentencing in this matter should not exceed one year, we find this issue to be moot. The sentencing judge, whoever that may be, must not impose a sentence in excess of one year. Accordingly, whether he or she is qualified to impose a sentence in excess of one year is no longer relevant in this matter.
Therefore, we order the total sentence imposed herein VACATED and the matter remanded to the trial court for re-sentencing in accordance with sentencing procedures prior to our holding in Desautel/Randall v. CCT, AP 15-011, AP 15-016.

. We note that subsequent to the sentencing of Mr. Martinez, this court adopted the Federal Rules of Evidence as the evidence code to be used in this court. See Desautel/Randall v. CCT, AP 15-011, AP 15-016.